IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL DAVID GOLDMAN, #50044-177, MOVANT, v. UNITED STATES OF AMERICA, RESPONDENT. | § § § § § § § § § | CIVIL CASE NO. 3:19-CV-347-D-BK (CRIMINAL CASE NO. 3:14-CR-334-D-1) |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Movant Michael David Goldman's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the United States Magistrate Judge for case management, including issuance of findings and a recommended disposition. As detailed here, Goldman's motion should be summarily **DISMISSED WITH PREJUDICE**.[1]

### I. BACKGROUND

In 2016, Goldman pled guilty to possessing with intent to distribute a controlled substance (Count 1) and possessing a firearm in furtherance of a drug trafficking crime (Count 2), and he was sentenced to a total of 139 months' imprisonment—79 months on Count 1 and a mandatory, consecutive 60-month term on Count 2. *United States v. Goldman*, No. 3:14-CR-334-D-1, Crim. Doc. 73 (N.D. Tex. June 10, 2016). He did not file a direct appeal, and on

---

[1] *See* Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS ("If it plainly appears from the motion and any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").

February 11, 2019, filed a Section 2255 motion, challenging his conviction for possessing a firearm in violation of 18 U.S.C. § 924(c)(1). Doc. 1. Goldman alleged that his counsel was constitutionally ineffective because his Section 924(c) conviction was no longer valid in light of the holdings in *Johnson v. United States*, — U.S. —, 135 S. Ct. 2551, 2563 (2015), and *Sessions v. Dimaya*, — U.S. —, 138 S. Ct. 1204 (2018).[2] Doc. 1 at 4; Doc. 2 at 4-5.

On May 28, 2019, shortly before the decision in *United States v. Davis*, — U.S. —, 139 S. Ct. 2319 (2019), Goldman filed an amended Section 2255 motion, raising a new claim. He asserted that counsel was ineffective for failing to: (1) challenge his Section 924(c) conviction based on *Johnson, Dimaya* and the anticipated *Davis* opinion, and (2) file a requested notice of appeal. Doc. 9 at 5. Goldman also filed an explanation, supported by a sworn declaration, of why his original Section 2255 motion was not barred by the one-year statute of limitations. Doc. 10; Doc. 12. Subsequently, on June 24, 2019, the Supreme Court found the residual clause of 18 U.S.C. § 924(c)(3)(B) unconstitutionally vague in *Davis*.

## II.   ANALYSIS

### A.  Section 924(c) Challenge and Related Ineffective Assistance Claim Fail

In *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019), the Supreme Court held that the residual clause of 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. But *Davis* is of no moment here since Goldman was not sentenced under Section 924(c)'s residual clause. Goldman pled guilty under 18 U.S.C. § 924(c)(1)(A) and (2) to possessing a firearm in

---

[2] In *Johnson,* the Supreme Court held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), violates the Constitution's guarantee of due process. Then in *Welch v. United States*, — U.S. —, 136 S. Ct. 1257 (2016), the Court found *Johnson* retroactively applicable to cases on collateral review. Subsequently, in *Dimaya*, the Court extended *Johnson* to a similarly worded clause in 18 U.S.C. § 16's definition of crime of violence.

furtherance of a drug trafficking crime, rather than to using and carrying a firearm during a crime of violence. *See* Crim. Doc. 70-1 at 9, *Presentence Report* ¶ 34; Crim. Doc. 52 at 2 (*Factual Resume*). As such, the definition of "crime of violence" in the residual clause of Section 924(c)(3)(B) was and is not at issue in his case. *See United States v. Chapman*, 851 F.3d 363, 375 (5th Cir. 2017) (finding convictions for drug trafficking crimes do not implicate the definition of crime of violence and, thus, "qualify as predicate offenses for the purposes of § 924(c)'s enhanced penalty"). Thus, even assuming Goldman benefits from the mailbox rule and his original Section 2255 motion was timely filed, his ineffective-assistance claim based on *Davis* is frivolous, as *Davis* is not relevant to the sentence imposed in his case.[3]

Further Goldman's belated assertion that the "drug trafficking definition" is also unconstitutionally vague plainly lacks merit. Doc. 7 at 3-4. Thus, any objection by Goldman's counsel on such grounds would have been futile. *See United States v. Preston*, 209 F.3d 783, 785 (5th Cir. 2000) (counsel is not constitutionally ineffective for failing to make a futile objection). Based on this, Goldman's claim of ineffective assistance of counsel for failing to challenge his Section 924(c) conviction fails.

### B. Newly Raised Ineffective-Assistance Claim Does Not Relate Back

In his amended Section 2255 motion, Goldman raises a new claim of ineffective assistance of counsel, namely that counsel failed to file a requested notice of appeal. Doc. 9 at 5.

---

[3] Although, Goldman's original section 2255 motion appears untimely, he avers placing it in the prison mail on May 26, 2017, less than one-year after the June 10, 2016 judgment. *See United States v. Duran*, 934 F.3d 407, 412 (5th Cir. 2019) ("The [mailbox] rule applies once it is established that the prisoner gave prison officials the pleading for mailing, irrespective of whether the document reaches its intended recipient."); Doc. 1 at 10-12; Doc. 10; Doc. 12. Goldman further asserts that after his wife learned on January 31, 2019 from the Clerk's Office that the motion had never been filed, he promptly re-mailed it for filing on February 4, 2019. Doc. 1 at 12.

The Court liberally construes the amended motion as a motion to amend. *See Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008) ("[W]here a new pro se petition is filed before the adjudication of a prior petition is complete, the new petition should be construed as a motion to amend the pending petition rather than as a successive application."); *see also Grullon v. Ashcroft*, 374 F.3d 137, 138 (2d Cir. 2004) (per curiam) (same as to 28 U.S.C. § 2241 petition).

Again, even assuming Goldman benefits from the mailbox rule and his original section 2255 motion is deemed timely filed, the one-year statute of limitations elapsed in June 2017, long before the filing of Goldman's amended Section 2255 motion. 28 U.S.C. § 2255(f)(1). And by his amended motion, Goldman introduces a new claim, based on a new legal theory and facts different from those underlying his original ineffective assistance claim. *See* FED. R. CIV. P. 15(c)(1)(B); *Mayle v. Felix*, 545 U.S. 644, 664 (2005) (concluding that only claims "tied to a common core of operative facts" as the claims in the original petition will relate back). As such, Goldman's newly raised claim is untimely, as it does not relate back to his prior claim, and, thus, the amendment should not be permitted. *See Felix*, 545 U.S. at 650 (holding that "a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth" does not relate back and, thus, is time barred); *United States v. Gonzalez*, 592 F.3d 675, 680 (5th Cir. 2009) ("New claims of ineffective assistance of counsel do not automatically relate back to prior ineffective assistance claims simply because they violate the same constitutional provision.").

### III.   CONCLUSION

For the foregoing reasons, leave to amend should be **DENIED** as to Goldman's newly raised and untimely claim that counsel was ineffective for failing to file a requested notice of appeal, as well as his proposed claim under *Davis*. Further, Goldman's amended claim that

counsel was ineffective for failing to challenge his Section 924(c)(1) conviction should be **DENIED** as lacking merit**,** and his amended Section 2255 motion should be summarily **DISMISSED WITH PREJUDICE**. *See* Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS.

    **SO RECOMMENDED** on November 6, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).